# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SAMUEL LOVE                                                                                               PETITIONER
ADC #168174

v.                                              5:19-cv-00252-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent should be named as the state officer who has custody of the petitioner. Therefore, Dexter Payne, Director of the Arkansas Division of Correction, is the appropriately named respondent, and the Clerk is directed to amend the docket to substitute him as the respondent. *See* Ark. Code Ann. § 12-27-101(a)(1) (establishing the Division of Correction to "assume the custody, control, and management of the state penitentiary" and "provide for the custody, treatment, rehabilitation, and restoration of adult offenders").

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

Petitioner Samuel Love, an inmate at the Varner Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 1.) Mr. Love was convicted on September 6, 2017, in Johnson County Circuit Court after pleading guilty to first-degree murder, first-degree battery, and aggravated assault. (Doc. No. 5-2 at 7-9.) He was sentenced to concurrent prison terms of forty years, ten years, and six years, respectively, pursuant to a plea agreement. (*Id.*) At the guilty plea hearing, the facts were recited as follows:

> [O]n the 1st day of September of 2016, Mr. Love – who was a friend with Michael Bowles – they had been drinking. They got into an argument. Michael Bowles advanced on Samuel Love with a baseball bat. Samuel Love got a firearm and shot him, dropped him on the ground. Then Samuel Love shot at Amanda Guthrie, wounding her in the leg. She still suffers from that. It's caused serious physical injury. She was just a spectator.
>
> Then there was a 16-year-old boy by the name of Goines, Matthew Goines. He, being Love, fired at Goines as he was running through the woods. Then Love

went into Love's home, put the rifle up against the wall, told a witness there that he was going to kill that SOB on the ground, who was still alive.

He got a piece of firewood, went over to him and said, "I'm going to kill you." Picked up the firewood and crushed his skull, killed him. The body was sent to the medical examiner's office. The medical examiner determined that the cause of death was blunt force injury and further opined that the gunshot wounds were not life-threatening.

(*Id*. at 34-35.)

On April 5, 2018, Mr. Love filed a *pro se* petition for writ of error *coram nobis*, asserting his attorney had coerced his guilty plea by promising he would receive a pardon from the governor. (*Id*. at 16.) The Johnson County Circuit Court denied the petition without a hearing on April 20, 2018, finding Mr. Love's claim did not rise to the level of coercion required for *coram nobis* relief. (*Id*. at 22-23.) Specifically, Mr. Love was competent at the time of his guilty plea and acknowledged that his plea was voluntary; that no one had threatened, intimidated, or coerced him into it; and that no promises other than the plea agreement caused him to enter it. (*Id*. at 24.) Additionally, a period of five days elapsed between the plea and sentence, which would have been sufficient time for reflection. (*Id*.) The court further noted Mr. Love's claim was really one of ineffective assistance of counsel and should have been asserted in a Rule 37 petition, which by that point would have been untimely. (*Id*. at 23-24.) Mr. Love subsequently filed *pro se* motions for a new trial and to withdraw his guilty plea on the same basis, which were also denied. (*Id*. at 40, 44, 45, 57.)

The Arkansas Supreme Court affirmed the denial of Mr. Love's *coram nobis* petition on February 14, 2019. *Love v. State*, 2019 Ark. 39. The court noted that, to warrant issuance of the writ, allegations that a plea was coerced must demonstrate the "compulsion of a free agent by physical, moral, or economic force or threat of physical force." *Id*. at 3 (quoting *Ramirez v. State*, 2018 Ark. 32, at 4, 536 S.W.3d 614, 617). The court held Mr. Love had not met this burden

3

because he had not claimed "that he was innocent or that his attorney coerced him through fear, threats of mob violence, or that he was subject to duress – claims this court has previously recognized." *Id*. (citing *Nelson v. State*, 2014 Ark. 91, at 4, 431 S.W.3d 852, 855). The court also agreed with the trial court that ineffective-assistance-of-counsel claims are not cognizable in *coram nobis* proceedings. *Id*.

On April 11, 2019, Mr. Love filed a *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. (Doc. No. 5-7.) He alleged he was intellectually impaired, the prosecutor erroneously charged the case and withheld evidence, and his attorney failed to investigate and falsely promised him a pardon. (*Id*. at 4-5, 7-8.) The Johnson County Circuit Court denied the petition on June 20, 2019, on the basis that it was untimely and the court lacked jurisdiction to consider it. (Doc. No. 5-9.) Mr. Love did not appeal.

In his Petition for Writ of Habeas Corpus, Mr. Love contends his guilty plea was not knowingly, voluntarily, or intelligently entered and was based on ineffective assistance of counsel. (Doc. No. 1 at 4.) More specifically, he argues the plea is invalid because it was based on (1) counsel's false promise that Mr. Love would receive a pardon and counsel would assist him in requesting one; (2) counsel's failure to conduct a reasonable investigation into the case and the available defenses; and (3) counsel's failure to investigate the cause of death of Bowles, who survived for a number of days and was later removed from life support. (*Id*. at 7-14.) After careful consideration of Mr. Love's Petition and the Response (Doc. No. 5) and Reply (Doc. No. 8), I recommend relief be denied. The Petition should be dismissed with prejudice.

## II.    ANALYSIS

### A.    Procedural Default

Respondent contends Mr. Love's claims are procedurally defaulted. (Doc. No. 5 at 5.)

4

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849.

When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted. *Id*. Moreover, if it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). When a state prisoner has defaulted his or her federal claims in state court, federal habeas review

5

of the claims is barred unless the prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As Respondent points out, Mr. Love failed to present his claims in a timely Rule 37 petition. Pursuant to Rule 37.2(c)(i), the petition was due within ninety days after entry of judgment on the guilty plea. Accordingly, the time for filing a Rule 37 petition expired on December 5, 2017. Mr. Love did not file his petition until April 11, 2019. (Doc. No. 5-7 at 1.) Mr. Love concedes his Rule 37 petition was untimely. (Doc. No. 8 at 1.) However, he maintains his first claim is not procedurally defaulted, as it was raised in his *coram nobis* petition, and that he can demonstrate cause for the default of all of his claims under *Martinez v. Ryan*, 566 U.S. 1 (2012).

        **1.**     *Coram Nobis* **Petition**

First, Mr. Love points out that he raised his claim regarding his counsel's false promise of a pardon in his timely petition for writ of error *coram nobis* and received a ruling on the merits. Generally, under Arkansas law, all grounds for post-conviction relief are to be brought in a Rule 37 petition. Ark. R. Crim. P. 37.1(a). This includes challenges to the adequacy of counsel's representation and challenges to the validity of a guilty plea. *See Graham v. State*, 358 Ark. 296, 298, 188 S.W.3d 893, 895 (2004) (per curiam) ("If appellant desired to challenge the guilty plea on the ground that his attorney was ineffective in permitting the plea to be entered because it was coerced or otherwise was not voluntarily given, the matter could, and should, have been raised in his Rule 37.1 petition."). The Arkansas Supreme Court has been clear that "error *coram nobis*

6

proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable." *Nelson v. State*, 2014 Ark. 91, at 5-6, 431 S.W.3d 852, 856.  While the writ of error *coram nobis* is available to address a coerced guilty plea, the court "routinely looks to the true nature of a petitioner's claim, rather than how a petitioner couches the claim." *Id*. at 5, 431 S.W.3d at 855.  Allegations made in support of error *coram nobis* relief that are premised on ineffective-assistance-of-counsel claims are not cognizable in *coram nobis* proceedings.  *Id*.

To that end, for habeas purposes, a claim raised in a *coram nobis* petition that should have been raised instead in a Rule 37 petition is usually procedurally defaulted.  *See, e.g.*, *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) ("In denying the petition for writ of error *coram nobis*, the state courts decided only that there was no error of fact extrinsic to the trial record which, if known, would have prevented the entry of judgment; the state courts did not decide whether any of petitioner's claims warranted post-conviction relief."); *Crosby v. Norris*, 5:09CV00150-JMM-JWC, 2010 WL 4175916, at 4 (E.D. Ark. Sept. 29, 2010) (recommended decision) (state court construed *coram nobis* petition as raising only a claim of ineffective assistance of counsel and held it was properly considered as a Rule 37 petition that was not timely filed); *Gamon v. Kelly*, 2:15CV02028, 2015 WL 4139094, at 11 (W.D. Ark. July 9, 2015) (state court construed *coram nobis* petition as a collateral attack on the judgment under Rule 37 and denied it as untimely).  In these situations, the petitioner's failure to present the claim in a timely and procedurally correct manner deprives the state court of the opportunity to consider the claim on its merits.  *Harris*, 948 F.2d at 452.

In this case, however, the trial court and the Arkansas Supreme Court considered the merits of Mr. Love's claim that he was coerced into pleading guilty by his lawyer's promise of a pardon.

7

The Supreme Court held the trial court did not abuse its discretion in denying *coram nobis* relief because Mr. Love "did not plead facts sufficient to show coercion." *Love*, 2019 Ark. 39, at 3. More particularly, he made no claim that he was innocent or that his attorney coerced him through fear or threats of mob violence or that he was subject to duress – claims the court had previously recognized as sufficient. *Id*. In so holding, the court noted Mr. Love's acknowledgment at sentencing – five days after the plea – that his plea was intelligently and voluntarily made and that he knew of no reason why the agreed-upon sentence should not be imposed. *Id*. at 2-3.

The Arkansas Supreme Court did add, as the last sentence of its opinion, "The circuit court is correct that ineffective-assistance-of-counsel claims are not cognizable in error *coram nobis* proceedings." *Id*. at 3 (citing *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524). But a procedural error in a state court proceeding does not bar consideration of a federal claim on habeas review "unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citing *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985) (quoting *Michigan v. Long*, 463 U.S. 1032, 1041 (1983))). Here, the Arkansas Supreme Court did not clearly and expressly state it was denying *coram nobis* relief on the basis that Mr. Love's claim should have been raised in a Rule 37 petition. Rather, it denied relief on the merits and also suggested that, to the extent Mr. Love was asserting an ineffectiveness claim, it was not a cognizable one.

For these reasons, I find Mr. Love's first claim regarding his counsel's false promise of a pardon is not procedurally defaulted and should be considered on the merits. *See Griffin v. Kelley*, 5:17CV00158-DPM-JTR, 2018 WL 1075039, at 3 (E.D. Ark. Feb. 27, 2018) (recommended decision) ("To the extent that the Arkansas Supreme Court's ruling *could* be construed as rejecting, on the merits, [petitioner's] claim that his plea was coerced, the claim is *not* procedurally defaulted

and may be addressed on the merits.") (emphasis in original).

> **2.     *Martinez v. Ryan***

Second, Mr. Love contends any procedural default of his claims is excused pursuant to *Martinez*.  In *Martinez*, the United States Supreme Court modified the general rule that an attorney's errors in a post-conviction proceeding do not qualify as cause for a default:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.  The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

566 U.S. at 14.  In *Trevino v. Thaler*, 569 U.S. 413, 429 (2013), the Court expanded the holding in *Martinez* to cases in which the state procedures, by reason of their design and operation, make it "highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal."  And in *Sasser v. Hobbs*, 735 F.3d 833, 852-53 (8th Cir. 2013), the Eighth Circuit held the *Trevino* analysis applies – and *Martinez* is therefore applicable – in Arkansas cases because Arkansas does not generally afford defendants meaningful review of ineffective-assistance-of-trial-counsel claims on direct appeal.

But the language of *Martinez* strongly implies, if not compels, that there must have actually been a properly filed post-conviction proceeding in order for the exception to apply.  *Martinez* and its progeny discuss a defective collateral-review process; they do not discuss a non-existent one – a collateral review that did not happen because the convicted person simply failed to file it in a timely fashion.  *See Jones v. Pa. Bd. of Prob. & Parole*, 492 Fed. Appx. 242, 246-47 (3d Cir.

9

2012) ("Because the Court spoke only of applying its exception to an 'initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel[,]' we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever.").

As the trial court noted in denying Mr. Love's Rule 37 petition, the Rule 37 filing deadlines are jurisdictional in nature. *Newton v. State*, 2014 Ark. 538, at 4, 453 S.W.3d 125, 127. *Martinez* has been held to be inapplicable when a *pro se* collateral-review petition is filed outside of jurisdictional time limits. *See Bell v. Kelley*, 5:17CV00234-SWW-JTR, 2018 WL 3653317, at 6 (E.D. Ark. June 29, 2018) (recommended decision) ("[B]ecause Bell failed to file a timely Rule 37 Petition, *Martinez* does not apply to his ineffective assistance claim."); *Mendoza v. Legrand*, 3:13CV00607-RCJ-WGC, 2014 WL 3783956, at 2 (D. Nev. July 31, 2014) ("Nothing in *Martinez* as a practical matter requires the States to appoint pre-filing state postconviction counsel in noncapital cases following every judgment of conviction by holding that a petitioner who fails to file a timely state petition *pro se* has cause for that failure due to the lack of counsel.").

Nonetheless, Mr. Love maintains *Martinez* should apply because its holding is based on the proposition that a *pro se* inmate faces insurmountable disadvantages in raising and developing an ineffective-assistance claim. (Doc. No. 8 at 7.) According to Mr. Love, he is in the class of the most disadvantaged because he lacked the legal knowledge and resources to timely file a Rule 37 petition. (*Id*. at 9.) The only case cited in support of his position is *Castillo v. Kelley*, 5:14CV00368, 2015 WL 9595464, at 3 (E.D. Ark. Nov. 17, 2015) (recommended decision), where *Martinez* was found to apply despite the petitioner's failure to file a Rule 37 petition. *Castillo* is distinguishable from the instant case: there, the court specifically found *Martinez* should apply because of the trial judge's instruction to the petitioner that he could not file a Rule 37 petition.

10

*Id*. Mr. Love does not allege he was similarly instructed, and the record of his guilty plea hearing reveals he was not. (Doc. No. 5-2 at 27-35.)

Mr. Love also contends *Martinez* should apply because, although he failed to properly file a Rule 37 petition, he did properly file a petition for writ of error *coram nobis*. (Doc. No. 8 at 10-11.) He points out that nothing in *Martinez* explicitly limits its applicability to Rule 37 petitions. (*Id*.) However, *Martinez* is limited to ineffective-assistance-of-counsel claims, and, as set out above, such claims are not cognizable in *coram nobis* proceedings. *Nelson*, 2014 Ark. 91, at 5, 431 S.W.3d at 855.

Accordingly, *Martinez* does not establish cause for the procedural default of Mr. Love's second and third claims. Those claims are barred.

### B. Waiver of Claims 2 and 3

Alternatively, Respondent contends Mr. Love's second and third claims are waived due to his guilty plea. (Doc. No. 5 at 10.) In support of this argument, Respondent cites *Tollett v. Henderson*, 411 U.S. 258 (1973), and other cases holding a guilty plea acts as a waiver of constitutional claims arising prior to the plea. Respondent quotes *Tollett* as follows: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id*. at 267. Respondent overlooks the very next sentence: "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)]." *Id*. Mr. Love's second and third claims – that his guilty plea is invalid because it was based on counsel's advice after failing to

11

investigate available defenses and the victim's cause of death – attempt to do just that. Therefore, although these claims are barred by procedural default, they are not waived by the guilty plea.

### C. Merits of Claim 1

For purposes of rebutting Respondent's assertion of procedural default, Mr. Love correctly points out he received a ruling on the merits of his first claim in state court. (Doc. No. 8 at 3-4.) At the same time, for purposes of avoiding a deferential standard of review, he contends "there has been no state court adjudication on the merits" of his claims. (*Id*. at 16.) On this point, he is mistaken. The Arkansas Supreme Court adjudicated the merits of his first claim in the *coram nobis* proceeding.

Under the Antiterrorism and Effective Death Penalty Act of 1996, and in the interests of finality and federalism, federal habeas courts are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Federal courts may not grant habeas relief on a claim that was adjudicated on the merits in state court unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrives "at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A state court decision involves an "unreasonable

application" of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision is based on an "unreasonable determination of the facts" "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003); *see also* 28 U.S.C. § 2254(e)(1) (a state court's factual finding shall be presumed to be correct, and the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence).

This deferential standard applies to habeas review of the Arkansas Supreme Court's decision affirming the denial of *coram nobis* relief. *See Collier*, 485 F.3d at 421-25 (applying § 2254(d) on review of Arkansas Supreme Court's adjudication of error *coram nobis* petition). Mr. Love has not met his burden of showing the decision was contrary to, or involved an unreasonable application of, clearly established federal law, nor has he shown it was based on an unreasonable determination of the facts. As set forth above, the state court laid out its standard for granting the writ based on an allegation of a coerced guilty plea: "[A]llegations that a plea was coerced must demonstrate the 'compulsion of a free agent by physical, moral, or economic force or threat of physical force.'" *Love*, 2019 Ark. 39, at 3 (quoting *Ramirez*, 2018 Ark. 32, at 4, 536 S.W.3d at 617). The court listed the types of situations previously recognized as sufficient, which did not apply in Mr. Love's case: a claim of innocence or a claim that his attorney coerced him through fear, duress, or threats of mob violence. *Id*. (citing *Nelson*, 2014 Ark. 91, at 4, 431 S.W.3d at 855). Mr. Love does not point to any conflicting federal law or any error of fact; he merely reargues the facts that were before the state court. Consequently, he is not entitled to relief.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Love has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Love's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

2. A certificate of appealability not be issued.

DATED this 6th day of April 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE