IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SAMUEL LOVE
ADC #168174                                                                PETITIONER

v.                            No. 5:19-cv-252-DPM

DEXTER PAYNE, Director,
Arkansas Department of Correction                            RESPONDENT

ORDER

On *de novo* review, the Court adopts Magistrate Judge Volpe's thorough recommendation, *Doc. 9*, and overrules Love's objections, *Doc. 12*.

On Claim 1, the Arkansas Supreme Court did not misconstrue Love's coercion claim. *Doc. 5-2 at 51*; *Doc. 5-3*; *Doc. 5-6*. And when viewed through the deferential standard created by 28 U.S.C. § 2254(d), that claim fails.

On Love's defaulted claims, he makes a strong argument from *Martinez*'s reasoning that this exception applies. There is no binding precedent, though; and courts have divided. *Compare, e.g., Jones v. Pennsylvania Board of Probation and Parole*, 492 F. App'x 242, 246–47 (3d Cir. 2012) (unpublished opinion) *with Castillo v. Kelley*, E.D. Ark. No. 5:14-cv-368-JM-BD, 2015 WL 9595464, at *3 (E.D. Ark. 2015).

Assuming Love's argument for extending *Martinez* is correct, his defaulted ineffectiveness claims don't meet that exception because they aren't substantial. In light of the mental evaluation Love received, his lawyer wasn't ineffective for failing to put forward a defense based on intellectual disability or mental health. And on the facts of this case and the Arkansas case law, his lawyer wasn't ineffective for failing to pursue defenses based on justification, extreme emotional disturbance, or cause of death.

Love's petition will be dismissed with prejudice. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)–(2).

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 August 2020